**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANDREW DAVID ZAMBRANO ALDAMA,<br><br>                                    Petitioner,<br><br>v.<br><br>MARKWAYNE MULLIN, et, al.,<br><br>                                    Respondents. | Case No.:  26-cv-0897-BJC-JLB<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS** |

On February 10, 2026, Petitioner Andrew David Zambrano Aldama, proceeding *pro se*, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.  ECF No. 1. This Court appointed counsel and set a briefing schedule on the petition on February 20, 2026, and issued an order amending the briefing schedule on March 4, 2026.  ECF Nos. 4, 7.  Petitioner filed an amended petition, through counsel, on March 14, 2026.  ECF No. 10. Respondents filed a return to the petition and notice of non-opposition on March 18, 2026, indicating they do not oppose a bond hearing.  ECF No. 11.  Petitioner filed a traverse on March 18, 2026, noting Respondents fail to address his argument that he is entitled to immediate release because the government violated his right to due process.  ECF No. 12. ///

1

## LEGAL STANDARD

Courts may grant habeas corpus relief to those "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241; *see also Hamdi v. Rumsfeld,* 542 U.S. 507, 525, 124 S. Ct. 2633, 2644, 159 L. Ed. 2d 578 (2004) ("[T]he writ of habeas corpus remains available to every individual detained within the United States."). Courts are authorized to grant writs pursuant to § 2241 to noncitizens in custody in violation of the Constitution or laws or treaties of the United States. *Magana-Pizano v. I.N.S.*, 200 F.3d 603, 609 (9th Cir. 1999).

## DISCUSSION

Petitioner contends after he presented himself at the port of entry to seek asylum through the use of the CBP One App in May 2023, he was paroled into the United States. ECF No. 10 at 3. He maintains he complied with all court dates, applied for asylum, and became employed while released. *Id.* at 3-4. Petitioner argues his due process rights were violated when he was arrested and detained, in November 2025, without warning or a chance to be heard. *Id.* at 4-7.

Petitioner was entitled to due process, including written notice, the reasons for the termination, and an opportunity to contest the determination, prior to termination of his parole. Noori v. LaRose, No. 25-CV-1824-GPC-MSB, 2025 WL 2800149, at *11 (S.D. Cal. Oct. 1, 2025). Petitioner contends, and Respondents do not dispute, that Petitioner was provided no individualized determination, and no opportunity to be heard before he was detained. The Court finds Petitioner's re-detention violated his due process rights.

///
///
///
///
///
///
///

25-cv-0897-BJC-VET

Accordingly, the Court GRANTS the petition for a writ of habeas corpus. Respondents shall immediately release Petitioner under the previously determined conditions.  Respondents are enjoined from re-detaining Petitioner without complying with 8 C.F.R. § 212.5 and due process.  The Clerk of Court shall close this matter.

**IT IS SO ORDERED**.

Dated:  April 9, 2026

Honorable Benjamin J. Cheeks
United States District Judge

25-cv-0897-BJC-VET